Petition for a Re-hearing.
[By Mr. Turner and Mr. Owsley,]
The undersigned, counsel for the defendants in error, respectfully ask the Court to reconsider and modify the opinion delivered in this case.
They will briefly proceed to set forth the grounds on which they ask a modification, and to state the parts of the opinion in which it is desired.
They believe this is the first case in which it has been, on argument, decided, that a person not a party, or the representative of a party, to the suit in the inferior court, could be made such, to a writ of error in this Court, merely on the ground that he was a purchaser of the property sold under a decree of the inferior Court, and which decree was sought to be reversed by such writ of error. This, too, when there had been no motion, or other proceeding to set aside the sale, in the Circuit Court, and when such purchaser had no hand in preparing the cause, and seeing that all proper matter was placed on the record of the inferior Court.
This Court itself seems to think the proceeding an anomaly. In this case, the person to whom the estate was cried off, who soon after transferred to another the benefit of his purchase, is made a party.
If the purchaser at the sale can properly be made a defendant to a writ of error to reverse the decree, why may the plaintiff not suggest that there has been, as is the fact in this case, several other sales, and make each successive vendee a party? The statement in the commissioner’s report, that Letcher was the purchaser, did not, in a legal point of view, make him any more a party to the record or suit, than it did any subsequent person who purchased the estate from Letcher, or his vendee.
We therefore think that, Letcher was wrongfully made *547 a party to the writ of error, and that, as to him, it should have been dismissed.
The part of the decision, however, which we contend is the most objectionable, is that which intimates an opinion against the validity of the title acquired under the sale. We do most earnestly, but respectfully, contend that, this question is one not properly before the Court, in this cause, for decision. It is a question that can alone properly arise in the inferior Court, on a motion made by McKee’s heirs, to quash or set aside the sale, or on the trial of a suit to recover the land; then the persons, and all the persons actually interested can be heard. In this case, the trial and decision are ex parte, as it respects the persons the most deeply and vitally interested.
Besides, the rules of law and the forms of proceeding in this Court, will not permit or allow any new matter to be brought into the case.
The only questions that this Court, on the present writ of error has jurisdiction of, are, whether or not the Circuit Court erred in decreeing a sale. That decree was final, and the subsequent proceedings are merely executory. If they were illegal, there must be steps taken in the inferior Court, to correct them, before they are the subject of an appeal, or writ of error.
In accordance with this view of the subject, has been the practice of this Court. Where a question is thus presented, the record has all the matter in the original case, and all the new facts and explanations proven on the motion, which latter are often the most important.
In cases of sale, replevin and delivery bonds, and sales of land or chattels under common law process, the practice is as here contended for.
A commissioner, or master in chancery, is no more nor less than the sheriff of the chancellor; and his acts and reports should be brought before the inferior court and questioned, on the proper notice to parties interested, in the same manner that the acts of a sheriff are at common law.
This Court, however, says that after a sale has been carried into effect by a conveyance, the practice has obtained not to reverse the decree and proceedings directing *548 a sale, unless they are so erroneous as apparently to render the sale void or invalid.
In looking into the decisions, we do not understand them as having gone so far as for this Court to decide the, sale invalid, on a writ of error to reverse the decree. If the sale were void for want of matter in the petition to give the Court jurisdiction, the reversal is an idle act; for, as decided in the case of Vowles’ heirs, referred to in the opinion in this case, a decree and sale under such petition, unless new matter is proved on the trial of a suit by the heirs, to recover the land, as in the case of Coger and Singleton, will form no obstacle to a recovery.
In the case of Riley vs. Wiley, 3 Dana, p. 71 to 75, this Court had reversed a decree of the Madison Circuit Court, under which a sale and commissioner’s deed had been made; but had not intimated the effect of the decision on the title of Riley, who had purchased under a decree procured by himself. After the cause went back to the Circuit Court, Wiley moved the Court to quash the sale, and it did so, and the case referred to in Dana, is. the decision on that quashal; and the practice now contended for, then prevailed.
In the case of Coger vs. Coger, 2 Dana, 271, this Court reversed a decree for a sale of infants’ estate, on the petition of their guardian, on the ground that the petition did not state a case giving the Court jurisdiction; and as stated in the opinion, the Court was urged then to proceed, and decide the sale void, which it refused to do, on the ground, as stated, that the purchaser was not a party to the case in this Court.
But the Court do not intimate that he could properly have been made a party to the writ of error in that ease The reason given, for not deciding whether or not the sale was valid, was a . very good one; and we contend that another equally as good, might have been given, that the validity of the sale, or the title under it, was not then presented in a manner to. authorize the Court to pass on it. And further, that no intimation of an opinion should be given on this subject, because, new matter might, on a trial of the question in the inferior court, be brought into their cage, to weaken or strengthen the title.
*549 If we understand, the opinion in this case, the Court has not decided the sale invalid on account of any want of jurisdiction in the Court, but on the ground that the terms of the sale were not complied with in proper time— although this matter was properly explained to the Circuit Court, and the sale confirmed. 2d. On the ground of a doubt, whether the bond given by the sub-purchaser was exactly as it should have been. 3d. On the ground that Letcher, the purchaser, had transferred his purchase to H. W. McKee, instead of complying with the terms of the sale himself.
The latter ground is removed by the case cited of Riley vs Wiley. There Fowler purchased, and immediately transferred the benefit of his purchase to Riley, and the commissioner made a deed to the latter.
The first and second grounds above named, admit or concede the jurisdiction of the Court, and the validity of the decree directing a sale, and still the mandate of the court directs the whole proceeding to be dismissed.
We think we have shown that an objection to the proceedings after the decree, must originate by proceedings in the inferior court, to quash them, if voidable, and if void, there is ample remedy by an action to recover the property.
Indeed, the Court, after their opinion was written out, seems to have considered it doubtful, whether a decision on the validity of the sale was proper, as the case is now presented, and proceeded to qualify the effects of it. But we contend, and hope the Court, on reconsideration, will think, that no opinion at all on the validity of the sale should now be pronounced, and will so change the decision as to leave out all expression of an opinion on this question, until the parties interested, are, in a subsequent proceeding, all heard, and such new matter as either party may bring forward, is placed before the Court, to act on judicially.
If the Court should still think that the proceedings, after the decree for the sale, are properly before the Court for revision, and that they are erroneous, (which we hope it will not do,) still, we contend that the question of the validity of the title under the sale, is not before the Court *550 in a manner for it to be proper to pass on it; and we rely on the case of Coger vs Coger, as strong authority in our favor.
Indeed, this is a stronger case in our favor, than that. There the Court reversed on the ground that the petition for a sale did not state facts which gave the Court jurisdiction; and the whole proceeding was apparently void. In this case, the Court has not decided that, it had no jurisdiction, nor has it decided that the decree directing a sale, was radically wrong; or that the sale, when made, was invalid as made.
Hence, the sale was not void; and if it was merely voidable, surely it is not only in accordance with usage and practice, but with propriety, especially as all interested are not before the Court, and cannot be heard, and, as extraneous matter may have a powerful bearing on the subject—that proceedings to vacate the sale should originate in the Circuit Court, uninfluenced by any expression of of opinion in this case. It is in vain to say that, an intimation of an opinion now, will not have its influence on any controversy hereafter commenced, even between new parties. A litigant should not, in the slightest degree, have his case, or any part of his case, prejudged, in a proceeding to which he was no party, and could not be heard: it is contrary to natural justice that he should.
It is respectfully suggested that the record presents no fact which should be conclusive against the purchaser, or his alienee, or even authorize the Court, upon a writ of error to the decree, without any previous proceedings to set aside the sale, in the court of original jurisdiction, to infer any thing unfair or unfavorable to the sale, or the right acquired by the purchaser.
It is undeniable, that the purchaser acquired a right to have a conveyance under his purchase, unless there was fraud in the sale, or something was afterwards done by. him or his alienee, from which the Court, on proper investigation, in a proceeding to which all persons interested are parties, to find that the purchase was abandoned, or the right to a conveyance under the purchase was waived; neither of which, is to be inferred from the record *551 in this case; nor ought the record to be evidence of such facts against the purchaser or his alienee, if it contained any thing conducing to establish them.
This Court has determined, and doubtless correctly, that the right-acquired by a purchaser at a sale under execution, cannot be affected by the after return of the execution, by the officer; and if so, on what principle can the right of a purchaser under a decree of a court of equity, be affected by the after return of the commissioner by whom the sale was made, under authority of the decree. In the latter, as in the former case, the purchaser acquires right by his purchase; is not a party in fact to the record of the case in which the decree was made; has no control over the commissioner, and ought not to be prejudiced by his ex parte return, any more than would a purchaser be prejudiced by the return of a sheriff on an execution.
Suppose a sale is made by a commissioner under authority of a decree, and in strict conformity to the requirements of the decree, would not the purchaser be entitled to the land sold? and might he not obtain the assistance of the Court, to compel a conveyance of the title, provided he evinced a readiness and willingness to comply with the terms of sale? and would it not be competent for him to prove his readiness and willingness to comply with the terms of sale, notwithstanding the report of the commissioner to the contrary? It seems to the counsel for the defendants, that he most clearly would; and if so, does it not follow that this Court should never, in a proceeding by writ of error to the decree, pronounce judgment of condemnation, or even express an opinion, against a sale, for any suggestions contained in the re. port of the commissioner, unless the objection has been previously made and decided on by the court, during the sale, in a proceeding to which the purchaser was party? No such proceeding was had in this case, in the Circuit Court.
If the report of the commissioner was even admitted to be evidence against McKee, as to his failure to execute bond with security in conformity to the decree, we most respectfully insist, that according to no fair inference, *552 ought that failure, when considered in connection with the whole of the facts and circumstances contained in the record, to have the effect which the opinion is understood to have given to it. May not he have refused to execute bond, if in fact he did, as suggested by the commissioner, refuse, under the belief that, as he was guardian, no bond was necessary to be executed by him, and not because he was unwilling to carry fully into execution the purchase made by Letcher? And is it not reasonable to presume, that he was influenced by considerations of that sort, or some other equally honest and justifiable, from the fact of his afterwards executing bond such as was deemed proper to be given, by the Court. But surely, the report of the commissioner, if evidence for any purpose against McKee or the purchaser cannot be conclusive evidence against him; and if not conclusive he or others claiming under him, ought to have an opportunity to introduce testimony, and prove the true state of facts, before the validity of the purchase is drawn in question, or decided on by this Court, He may be enabled to establish by indisputable testimony, that the purchase was fairly and honestly made, for an adequate and full consideration, and that there never has been any disposition on the part of the purchaser, or any other claiming under him, to abandon the purchase, or not in every respect to carry it into complete execution. He may, and doubtless will, be able to prove to the satisfaction of any court, that if there be any error prejudicial to the infants whose estate was sold, in the execution of the bond, or the amount for which it was executed, it was not the error or fault of him or the purchaser, and that he is, and always has been, ready, willing and desirous, to do entire justice to the infants, and comply fully with the terms of the sale. Is not the fact of his having executed bond, such as was required by the Court, evidence of a willingness on his part, to carry into effect the purchase? It is at least evidence, that the Circuit Court, was of opinion that he had done nothing to abandon the purchase, and proves the propriety of leaving the case open to be investigated, and proof introduced to show whether or not the purchase be liable to any just and valid objection.
May, 30.

Turner and Owsley, for defendants.

A re-hearing or modification of the opinion is respectfully asked.
The petition was overruled without any formal Response.